## HARRISON v. LIGHTSEY.

1. An infant is not bound by a proceeding in the Probate Court to which he has not been made a party in accordance with the formalities required by law.

2. Where a mortgagor conveys the mortgaged land to the widow and son of the mortgagee, and receives in consideration therefor his note and mortgage, the Probate Court cannot sell the land in aid of assets of mortgagee's estate, nor for partition between widow and son.

3. In such case, the widow and son hold the land under a resulting trust for the administrator, and the son, as distributee, has an action against the administrator for account, but not against the person in possession for an interest in the land or for rents and profits.

Before WALLACE, J., Barnwell, March, 1889.

Action by J. R. Harrison against M. M. Lightsey, commenced in January, 1889. The opinion states the case.

*Mr. W. A. Holman,* for appellant.

*Mr. Robert Aldrich,* contra.

March 15, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. One J. S. Lynes was indebted to W. H. Harrison, late of Barnwell County, in the sum of $600, evidenced by note given in the purchase of a certain tract of land, which note was secured by a mortgage upon the premises bought. Harrison died, leaving a widow and son surviving, his heirs. B. F. Lynes was duly appointed administrator of the estate, and the said note and mortgage, with the other personal assets, went into his possession. The administrator and the widow filed a petition in the Probate Court, stating that J. S. Lynes was insolvent; that the land in question had been sold to him at an exorbitant price; that nothing could be made out of the note further than by the foreclosure of the mortgage; that Lynes was willing to give up the land, and in fact had conveyed it in fee to the said widow and her son (the plaintiff here). Whereupon the probate judge decreed and ordered the administrator, B. F. Lynes, to cancel and deliver up the said note and mortgage, which was done, and then the

probate judge ordered the said land sold for distribution among
the heirs of the said Harrison, and for the payment of his debts
that might be due after exhausting the personalty.    At this sale,
the defendant, Lightsey, became the purchaser, receiving a con-
veyance from the probate judge.    That the widow gave her con-
sent to said sale, and elected to take one sixth of the purchase
money in lieu of dower, &c., &c.    At the time of this proceeding,
the plaintiff was a minor of tender years, and was not a party
thereto, except that Mr. M. C. Tobin, it seems, was appointed
his next friend by the judge of probate, who consented to act, and
endorsed on the petition his consent to the prayer of the petition ;
but upon what authority, or at whose instance, this appointment
was made, does not appear.

The plaintiff, recently arriving at age, instituted the action
below, claiming that he was a joint tenant with the defendant in
the proportion of two-thirds of the land, and demanding partition,
and an accounting for rents and profits for the time defendant had
been in possession—some ten years.    At the hearing, his honor,
Judge Wallace, dismissed the complaint with costs.    The ground
of this dismissal is not stated in the decree, but it seems to be
agreed among the counsel, that it was based upon the theory that
the land had assumed the character of personalty, when conveyed,
under the circumstances, to the heirs of the intestate, and that
said heirs were not necessary parties to the proceeding in the
Probate Court, which resulted in a sale to the defendant, Light-
sey, as stated above.    The plaintiff in his exception imputes error
to the decree as to the ground *supra* upon which it was based ;
and also upon the ground, that his honor, inasmuch as Lynes, the
purchaser, had abandoned the premises and was out of possession,
should have held that title had vested in the heirs of Harrison
before the proceedings in Probate Court.    The defendant gave
notice that he would seek to sustain the decree, upon the ground
that the plaintiff could not claim the land under the probate pro-
ceedings and then repudiate the sale thereunder, and that plain-
tiff's cause of action, if any, should be against the administrator
for a misappropriation of the mortgage, &c.

We do not know by what legal authority the probate proceed-
ings referred to were had.    Nor do we think that the plaintiff

here was properly made a party, so as to bind him, even if the Probate Court had jurisdiction of the subject-matter. *Finley* v. *Robertson*, 17 S. C., 435. Supposing the deed from R. L. Lynes to the widow and her son was a valid deed, conveying the fee of the land to them, yet by what authority could the probate judge order it sold in aid of the personalty? It had not come to them by descent, and it was not liable in their hands for the debts of the ancestor, nor could it have been partitioned between them by the said proceedings in said Probate Court, as the law to such end had not been conformed to. The administrator bought the land by surrendering to the previous purchaser, J. S. Lynes, the note and mortgage which he held; and although the title was conveyed to the widow and son of the intestate, yet we think there was a resulting trust to said administrator, and that the land was really his, he being still accountable to the estate for said note and mortgage; and that the plaintiff's claim is against said administrator, as a distributee of his father's estate, for his share thereof, if any still due—the administrator being liable for the value of said note and mortgage, as the law may require, under the circumstances, subject, of course, to such credits and payments, if any, as he may have made to the plaintiff.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.