## 11152

### LANHAM v. BOMAR
### BATES v. TURNER

(116 S. E., 926)

1. SERVICE OF PROCESS—INFANTS.—Acceptance of service of summons by an infant nine years of age, by her father with whom she resides, is not sufficient to give the Court jurisdiction:

2. SERVICE OF PROCESS—INFANTS.—Attempted service of summons on infant by her father, who was also a party to the action, is void.

3. INFANTS—GUARDIAN AD LITEM.—Where it does not appear that notice to procure appointment of guardian *ad litem* was ever served on the infant, or on her father with whom she resided, nor that she had been served with the summons, the appointment of a guardian *ad litem* on the petition of her father, with whom she resided, was not sufficient to give jurisdiction of said infant.

Before SEASE, J., Spartanburg, June, 1922. Affirmed.

Rule to show cause on the petition of S. T. Lanham against Horace L. Bomar, in the matter of F. C. Bates, executor, against Maggie Bates Turner and others. From an order discharging the rule, the petitioner appeals.

The following statement of facts is taken from the case.

This is an appeal from an order of Judge T. S. Sease discharging the rule to show cause why respondent should not comply with his bid at a Master's sale. The action was for partition of certain lands in Spartanburg County. One of the defendants, Mary Brown, was an infant nine years of age, residing with her father, Redford Brown, in Clarendon County, South Carolina. Mary Brown and her father, Redford Brown, are heirs-at-law of her mother, who died intestate. No question was raised as to service of summons and complaint upon all other defendants. Mary Brown alone is to be considered.

The summons shows an acceptance of service by Redford Brown, also an acceptance of service of "Mary Brown, by her father, Redford Brown." There is an answer in the record signed "Mary Brown, by her father, Redford."

The record shows that Redford Brown, the father of Mary Brown, with whom she resided, applied to the Court to have R. Burton Hicks, Judge of Probate for Spartanburg County, appointed as guardian *ad litem* for Mary Brown, and that the Court appointed R. Burton Hicks as guardian *ad litem* for said infant defendant; that he accepted said appointment and filed an answer on behalf of said infant. These papers bear no date.

The action was referred to Hon. T. S. Lanham, Master for Spartanburg County, to report his conclusions of law and fact; the permises were ordered sold by the Master and the respondent, Horace L. Bomar, was the highest bidder at the sale on salesday, October 4th, 1920, and the property was knocked off to him.

On October 15th, 1920, the respondent wrote to the Master refusing to take the property upon the ground that the title was not good, and amongst other objections raised the question of jurisdiction of the Court over the infant defendant, Mary Brown. Thereafter the record in said action was amended by what purports to be a proof of service which was pasted on the back of the original summons, in the form of an affidavit made by Redford Brown before J. J. Cantey, Notary Public, bearing date October 22nd, 1920. In this affidavit Redford Brown states that he served Mary Brown by delivery to her and leaving with her copies of the summons and complaint, and that he has no interest in the action or the property therein mentioned.

In the record attached to the summons on a separate paper there appears an undated notice directed to Mary Brown, infant defendant, notifying her that unless she applied for the appointment of a guardian *ad litem,* "the undersigned at the proper time will apply to the Court to have R. Burton Hicks, Probate Judge, appointed as guardian *ad litem,* for her." This notice is signed by L. G. Southard, attorney for plaintiff. There is no affidavit or other proof in the record that said notice was ever served upon the said Mary Brown.

On June 2nd, 1921, at the instance of the petitioner, the rule to show cause was issued by Judge Sease requiring the respondent, Horace L. Bomar, to show cause before him why he should not comply with his bid.

Thereafter his Honor, Judge Sease, filed the following order:

ORDER

Upon hearing the return of the respondent herein and argument of counsel, it is

Ordered that the petition and rule to show cause be dismissed and the respondent discharged from further liability on account of having bid in the property herein.

It seems to me that the minor defendant, Mary Brown, has never been properly served as required by the Civil Code of our State. She, therefore, still owns her interest in the land involved, and the title as offered to respondent by the Master to this extent would not be good.

I do not think that the respondent is concerned with the distribution of proceeds.

So much of his answer and return as refers to these matters I do not consider as important. Respondent is interested, however, in getting good title to the premises, and since the minor defendant has never been properly served, respondent has the right to refuse to take the title and comply with the terms of his bid.

*Mr. L. E. Southard,* for appellant, cites: *Jurisdictional defects must affirmatively appear on the record:* 48 S. C., 566. *Service on infant:* 59 S. E., 378. *Proper appointment of guardian ad litem:* 61 S. C., 569.

*Messrs. Bomar, Osborne & Brown,* for respondent.

March 15, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The order of Judge Sease, appealed from in this case, is affirmed, under the cases of *Finley v. Robertson*, 17 S. C., 435; *Whitesides v. Barber*, 24 S. C., 373; *Riker v. Vaughan*, 23 S. C., 187; *Tederall v. Bouknight*, 25 S. C., 275; *Harrison v. Lightsey*, 32 S. C., 293, 10 S. E., 1010; and the more recent case of *Bradley v. Calhoun*, 116 S. C., 7, 106 S. E., 843. Affirmed.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES FRASER and MARION concur.